UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA BIXBY,<br><br>                              Plaintiff,<br><br>    v.<br><br>EVINE LIVE, INC.,<br><br>                              Defendant. | Docket No.: 17-cv-10131<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Barbara Bixby ("Plaintiff" or "Ms. Bixby"), by and through her undersigned counsel, for her Complaint against Defendant Evine Live, Inc. ("Defendant" or "Evine"), hereby alleges as follows:

## STATEMENT OF THE CASE

1.  This is an action for damages and injunctive relief arising from Defendant's willful infringement of the registered copyright for jewelry designs owned by Ms. Bixby.

2.  Ms. Bixby created her first high-end company in 1985, and found success selling through retailers including Fortunoff, G.M. Pollack & Sons, and several other retailers and galleries. She then ghost-designed for many of the top jewelry companies.  Eventually, Ms. Bixby re-launched her collection with the vision of focusing on meaningful, highly-unique pieces that people would enjoy collecting and wearing.  Ms. Bixby has sold her jewelry under the BARBARA BIXBY trademark for over thirty-four (34) years.

3.  Recognizing Ms. Bixby's popularity, talent, and unique perspective, and in a brazen and improper effort to capitalize on her heard-earned success, Defendant copied Ms. Bixby's jewelry designs without her authorization.

4.  Defendant's conduct is causing and, unless immediately enjoined, will continue to cause enormous and irreparable harm to Ms. Bixby.  Thus, Defendant's conduct must immediately

be enjoined and Ms. Bixby must be compensated for Defendant's willful acts of infringement.

## PARTIES

5.  Plaintiff Barbara Bixby is an individual with an address at 539 Chestnut Ridge Road, Dover Plains, New York 12522. Ms. Bixby is an accomplished and well-known jewelry designer.

6.  Upon information and belief, Defendant Evine Live, Inc. is a corporation organized and existing under the laws of the State of Minnesota, having an office and principal place of business at 6740 Shady Oak Road, Eden Prairie, Minnesota 55344. Defendant Evine owns a multi-channel video retailer and American cable, satellite, and broadcast television network of the same name.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

8.  This Court has personal jurisdiction over Defendant pursuant to CPLR § 302(a)(1) because, among other things, Defendant is doing business in the State of New York and this district at least through online and telephonic sales, thereby placing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of the State of New York and this district; the acts of infringement complained of herein occurred in the State of New York and this district; and Defendants have caused injury to Ms. Bixby and her intellectual property within the State of New York and this district.

9.  For the foregoing reasons, venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS

10. Plaintiff Barbara Bixby is engaged in the business of designing, creating,

manufacturing, distributing, importing, marketing, offering for sale, and selling jewelry.  Ms. Bixby has earned a well-deserved and enviable reputation in the trade for providing unique and original products of high quality.  Ms. Bixby sells her products within this judicial district and throughout the United States of America.

11. Many of the products created by Ms. Bixby are proprietary and are protected under intellectual property laws of the United States.

12. Among the proprietary products created by Ms. Bixby are the vine design jewelry (the "Vine Jewelry"), including the original Barbara Bixby Sterling & 18K Precious Gemstone Vine Ring (the "Vine Ring").  This jewelry design, created in 2003, contains material which is wholly original and is copyrightable subject matter under the law of the United States.  The copyrightable feature can be perceived as a three-dimensional work of art, separate from the useful article, and would qualify as a protectable sculptural work on its own or fixed in another tangible medium of expression.  A photocopy showing a representation of Ms. Bixby's Vine Ring is attached hereto as Exhibit A.

13. The Vine Jewelry is the subject of U.S. Copyright Registration No. VAu589-995 (the "'995 Copyright Registration"), which is effective as of December 12, 2003 and is valid and subsisting.  A copy of the '995 Copyright Registration and a select deposit copy is attached hereto as Exhibit B.

14. Also among the proprietary products created by Ms. Bixby are the bee design jewelry (the "Bee Jewelry"), including the original Barbara Bixby Sterling & 18K 3.50 ct Citrine Bee Ring (the "Bee Ring").  This jewelry design, created in 2005, contains material which is wholly original and is copyrightable subject matter under the law of the United States.  The copyrightable feature can be perceived as a three-dimensional work of art, separate from the useful article, and

would qualify as a protectable sculptural work on its own or fixed in another tangible medium of expression.  A photocopy showing a representation of Ms. Bixby's Bee Ring is attached hereto as <u>Exhibit C</u>.

15. The Bee Jewelry is the subject of Plaintiff's application for copyright registration filed with U.S. Copyright Office (Service Request No. 1-6117838951) (the "'951 Copyright Application"), which was filed on December 19, 2017 with special handling.  Plaintiff is awaiting the issuance of registration.  A copy of the '951 Copyright Application and deposit copy is attached hereto as <u>Exhibit D</u>.

16. Ms. Bixby is, and for all relevant times has been, the sole proprietor of all right, title, and interest in and to the copyrights in the Vine Jewelry, the copyrights in the Bee Jewelry, the '995 Copyright Registration, and the '951 Copyright Application.

17. Ms. Bixby has manufactured and offered for sale or sold the Vine Jewelry since at least as early as 2006.  Since that time, Ms. Bixby has sold substantial quantities of the Vine Jewelry, accounting for more than eight (8) million dollars in sales.  The Vine Ring is currently offered for sale and sold on QVC, including its website www.qvc.com.  QVC is an American cable, satellite, and broadcast television network, and flagship shopping channel specializing in televised home shopping.  QVC sells throughout the United States.

18. Ms. Bixby has manufactured and offered for sale or sold the Bee Jewelry since at least as early as 2008.  Since that time, Ms. Bixby has sold substantial quantities of the Bee Jewelry, accounting for more than three (3) hundred thousand dollars in sales.  The Bee Ring is currently offered for sale and sold on QVC, including its website www.qvc.com.

<u>Infringing Activities</u>

19. Long after Ms. Bixby's creation and sale of the Vine Jewelry, employees found

substantially similar copies of the product (the "Infringing Vine Ring") on www.evine.com, the Defendant's website, including within this judicial district.  A photocopy showing a representation of the Infringing Vine Ring is attached hereto as <u>Exhibit E</u>.

20.     Long after Ms. Bixby's creation and sale of the Bee Jewelry, employees found substantially similar copies of the product (the "Infringing Bee Ring") on www.evine.com, the Defendant's website, including within this judicial district.  A photocopy showing a representation of the Infringing Bee Ring is attached hereto as <u>Exhibit F</u>.

21.     The Infringing Vine Ring and the Infringing Bee Ring are both part of the BELLE ARTIQUE brand.  (*See* Exs. E and F.)

22.     Upon information and belief, the BELLE ARTIQUE brand is created for Defendant and offered for sale and sold exclusively by Defendant.

23.     Upon information and belief, Defendant understands that intellectual property is a valuable asset, has its own in-house legal department, and knew or should have known that Ms. Bixby's designs were proprietary.

24.     Defendant continues to manufacture, distribute, import, market, offer for sale, and sell the Infringing Vine Ring and Infringing Bee Ring.

**COUNT I**
**<u>COPYRIGHT INFRINGEMENT</u>**

25.     Ms. Bixby repeats and realleges the allegations contained in the preceding paragraphs as though fully set herein.

26.     This claim arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

27.     Based on the substantial similarity of the Infringing Vine Ring to Ms. Bixby's Vine Ring, it is apparent that Defendant copied Ms. Bixby's Vine Ring and Vine Jewelry.

28. Based on the substantial similarity of the Infringing Bee Ring to Ms. Bixby's Bee Ring, it is apparent that Defendant copied Ms. Bixby's Bee Ring and Bee Jewelry.

29. The manufacturing, distributing, importing, marketing, offering for sale, and selling of the Infringing Vine Ring and Infringing Bee Ring by Defendant was and is without the permission, license, or consent of Ms. Bixby.

30. Defendant's acts alleged herein constitute violations of the exclusive rights of Ms. Bixby under 17 U.S.C. §§ 106, 113, and 602, and constitute infringement under 17 U.S.C. § 501.

31. Upon information and belief, Defendant knew or should have known that Ms. Bixby's designs were proprietary and therefore its infringement was knowing and willful.

32. Ms. Bixby has suffered and will continue to suffer damage to her business, including loss of her reputation for exclusivity of goods which includes the Vine Jewelry and Bee Jewelry, loss of her reputation for unique and original products of high quality, and loss of sales.

33. Defendant's continuing acts of copyright infringement are damaging to Ms. Bixby in a manner for which Ms. Bixby has no adequate remedy at law and Ms. Bixby is suffering irreparable harm as a result of the acts of Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Barbara Bixby prays that the Court grant the following relief:

a. A judgment that Defendant Evine Live, Inc. has infringed and is infringing the copyrights in the Vine Jewelry and the Bee Jewelry, including but not limited to the copyrights represented by the '995 Copyright Registration and the '951 Copyright Application;

b. For Ms. Bixby's damages and Defendant's profits in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed either directly or indirectly, or for such other amounts as may be proper

pursuant to 17 U.S.C. § 504(c);

      c.      For preliminary and permanent injunctions enjoining Defendant, and its respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from directly or indirectly infringing the copyrights in the Vine Jewelry and the Bee Jewelry;

      d.      An award of Ms. Bixby's attorneys' fees, costs, and disbursements in this action; and

      e.      Such other and further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Barbara Bixby hereby demands a trial by jury in this action on all claims so triable.

Dated: New York, New York
       December 27, 2017

Respectfully submitted,

**ROBINS KAPLAN LLP**

*/s/ Paul V. LiCalsi*
Paul V. LiCalsi
Reena Jain
399 Park Avenue, Suite 3600
New York, New York 10022
Tel.: (212) 980-7400
Fax: (212) 980-7499
PLiCalsi@RobinsKaplan.com
RJain@RobinsKaplan.com

*Attorneys for Plaintiff*
*Barbara Bixby*